IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KIRK L. CLARK,

        Petitioner,

v.

BOARD OF PAROLE AND POST PRISON SUPERVISION,

        Respondent.

Case No. 6:16-cv-00653-JO

OPINION AND ORDER

JONES, District Judge.

Petitioner filed this 28 U.S.C. § 2254 habeas corpus case on April 15, 2016 challenging the Oregon Board of Parole and Post-Prison Supervision's ("Board's") April 14, 2013 decision to deny his re-release onto parole. Respondent asks the court to deny relief on the Petition because petitioner's case is moot, and even if it presented a justiciable controversy, the Petition presents only procedurally defaulted claims. Although petitioner's supporting memorandum was due March 9, 2016, he has

1 - OPINION AND ORDER

neither filed such a brief, nor has he communicated with the court in any way since he filed his Petition to initiate this case.

Despite petitioner's failure to rebut the State's arguments, the court has examined the case in detail and finds respondent's mootness argument to be well-taken. Specifically, in April 2013, the Board declined to release petitioner back to parole, and set a projected parole release date for February 2015. Respondent's Exhibit 102. Consistent with that dispositional order, petitioner was, in fact, released to parole in February 2015.

A claim which fails to present an active case or controversy is moot under Article III, § 2, of the U.S. Constitution. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). Once a prisoner has been paroled, courts will presume collateral consequences sufficient to preclude the mootness bar if a prisoner challenges the validity of his conviction. *Id.* at 10; *Sibron v. New York*, 392 U.S. 40, 55 (1968). However, the Supreme Court is unwilling to extend this presumption beyond the challenge of a conviction because the presumption of collateral consequences is generally inconsistent with the notion that standing "must affirmatively appear in the record." *Spencer*, 523

U.S. at 10-11 (citing *FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 231 (1990)).

Because petitioner challenges only the Board's 2013 dispositional order, and as the Board paroled petitioner in 2015, his case fails to present any justiciable controversy. The Petition is therefore moot, and the court need not address the procedural default issue.

## CONCLUSION

For the reasons identified above, the Petition for Writ of Habeas Corpus (#1) is denied. The court declines to issue a Certificate of Appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this 23rd day of March, 2017.

_____
Robert E. Jones
United States District Judge

3 - OPINION AND ORDER